IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROBERT JOE WALKER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1097-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Robert Walker (Petitioner), a state prisoner appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1.[1] United States District Judge Timothy D. DeGiusti has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

As required by Rule 4 of the rules guiding § 2254 proceedings,[2] the undersigned has examined the petition, along with Petitioner's supporting brief and exhibits, and recommends the summary dismissal of Petitioner's four claims for relief and, consequently, the summary dismissal of this action.

---

[1] Citations to an electronically filed court document are to that document's electronic case filing designation and pagination. Unless otherwise indicated, quotations are verbatim.

[2] Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, requires the court to review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

**I.      Petitioner's first federal action.**

Petitioner pleaded guilty in October 1971 to a charge of murder, for which he was sentenced to life imprisonment, Case No. CRF-71-1292, District Court of Oklahoma County. Doc. 1, at 1. He sought § 2254 habeas relief from this Court in April 1991 because the state court held "[n]o competency hearing," and "violat[ed his] right against self-incrimination." (*Walker v. Reynolds*, Case No. CIV-91-590-T, Petition at 3 (W.D. Okla., filed and stamped April 30, 1991)). This Court dismissed the petition on the merits. *Walker*, Case No. CIV-91-590-T, Report and Recommendation (W.D. Okla., filed July 31, 1991), *adopted*, Order (W.D. Okla., filed Sept. 3, 1991). Petitioner did not appeal.

In August 1995, Petitioner sought leave to amend the petition, but the magistrate judge found the petition "[was] a photocopy" of Petitioner's 1991 petition. This Court adopted the Magistrate Judge's Report and Recommendation and dismissed the second petition *sua sponte* according to Rule 9(b) of the Rules Governing § 2254 Cases. *Walker v. Reynolds*, Case No. CIV-95-541-T, Order (W.D. Okla., filed August 31, 1995).

## II. Petitioner's current petition.

### A. Petitioner does not acknowledge his previous federal petitions.

Petitioner implicates the same conviction and sentence in the instant case, Doc. 1, at 1. But he neglects to acknowledge his previous federal petitions challenging the same. *See id, passim*.[3]

### B. Grounds for habeas relief.

Petitioner requests habeas relief on four grounds, the first, that the "state trial court lacked jurisdiction." *Id.* at 5. Second, he contends the state court violated due process "because of petitioner's disabilities" and because "state courts refused to comply with their own rules and laws." *Id.* at 6. Then, third, he maintains the state courts denied due process by "issuing orders in conflict with clearly established federal laws." *Id.* at 8. Last, Petitioner urges application of "new law" from the "D.C. Federal Appeals Court," which he contends "hold[s that] 30 years for murder . . . violates 8th. Amend[ment]." *Id.* at 9. He asks the court to "[g]rant habeas relief, or remand to state court for 'further-processing' of a hearing, or bring Petitioner before this Court for an 'inquiry.'" *Id.* at 14.

---

[3] Nor does he do so in his incorporated brief. *See* Doc. 2.

### III. Petitioner's action is second or successive.

The dismissal of Petitioner's first § 2254 habeas petition was a decision on the merits and, consequently, his present habeas challenge to that same judgment and sentence is second or successive for purposes of 28 U.S.C. § 2244(b). *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam).

Federal law provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the court lacks jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Petitioner does not allege that he has sought and been granted authorization to proceed with a second § 2254, and the undersigned is unaware of any such attempt.

Under these circumstances, the court may either transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631," or, it may dismiss the petition. *Id.* "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id.*

4

Any claims Petitioner raised in his prior habeas petition are subject to summary dismissal. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application that was presented in a prior action shall be dismissed."). Petitioner's second and third grounds for relief (that the State violated state and federal laws by preventing him from appealing because of his mental disability)—are nearly identical to the claims in his prior petitions.

On any new claims Petitioner raises in the instant Petition, this Court must either dismiss the claims for lack of jurisdiction, or transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631 if such a transfer is in the interest of justice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 2244(b)(3)(A) (requiring prior authorization from the circuit court of appeals to proceed with a second or successive habeas petition).

The following factors assist in determining whether a transfer is in the interest of justice and, therefore, appropriate: (1) whether the claims would be time-barred if filed anew in the proper forum; (2) whether the claims are likely to have merit; and (3) whether the claims were filed in good faith or if it was clear at the time of filing that the court lacked the requisite jurisdiction. *In re Cline*, 531 F.3d at 1251. Upon consideration of these factors, the court concludes dismissal is proper and a transfer is not in the interest of justice.

To succeed on any new claims raised in the instant Petition, Petitioner would have to make a prima facie showing that satisfies § 2244(b)(2)'s criteria. Here, Petitioner does not rely on any new rule of constitutional law "made retroactive to cases on collateral review . . . ." 28 U.S.C. § 2244(b)(2)(A). The factual predicate of his jurisdictional claim could have been discovered through the exercise of due diligence. Petitioner does not satisfy the criteria of § 2244(b)(2). Because the instant Petition raises claims that are "not likely to have merit," a transfer is not in the interest of justice. Therefore, the new claims raised in the instant Petition should be dismissed for lack of jurisdiction. *Clay v. Dowling*, No. CIV-17-502-C, 2017 WL 2821810, at *2 (W.D. Okla. May 30, 2017), *adopted*, 2017 WL 2817093 (W.D. Okla. June 29, 2017).

**IV. Recommendation and notice of right to object.**

The undersigned recommends the summary dismissal, without prejudice, of Petitioner's habeas petition.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before January 8, 2018, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and

6

legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 19th day of December, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE