# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT JOE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1097-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, brought this action seeking habeas relief under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings. Judge Mitchell reviewed the petition and determined that Petitioner had previously challenged the conviction that is the subject of his claim for habeas relief. *See* Case Nos. CIV-91-590-T and CIV-95-541-T.

On December 19, 2017, Judge Mitchell filed a Report and Recommendation ("Report") [Doc. No. 9], recommending summary dismissal of Petitioner's habeas petition without prejudice to refiling. Judge Mitchell concluded that the Court lacked jurisdiction to consider a second or successive petition and that Petitioner must first obtain authorization from the Tenth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b); *In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After examining the factors raised in *In re Cline*, Judge Mitchell

concluded that dismissal was proper and a transfer was not in the interest of justice. *In re Cline*, 531 F.3d at 1251.

Judge Mitchell advised Petitioner of his right to object and directed that any objection be filed on or before January 8, 2018. [Doc. No. 9 at 6]. Judge Mitchell further advised Petitioner that any failure to object would result in a waiver of the right to appellate review. *Id.* at 6-7.

Within the time limits imposed, Petitioner filed his Objection to Magistrate's Report and Recommendation [Doc. No. 10] on January 2, 2018. Petitioner, however, did not address in his objections his failure to obtain authorization from the Tenth Circuit to file a second or successive petition. Rather, Petitioner merely reasserts the merits of his habeas petition and fails to address the factors, as identified by Judge Mitchell, relevant to the transfer determination. *See In re Cline*, 531 F.3d at 1251.

Section 636(b)(1) requires the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). Notably, Petitioner does not object to Judge Mitchell's determination that the petition is second or successive. Further, the cases cited by Petitioner in his objections are inapposite to the facts of his case. Petitioner, therefore, has waived any such objections, and dismissal without prejudice is proper.

## CONCLUSION

IT IS THEREFORE ORDERED that Judge Mitchell's Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. There is no need for a hearing, and Petitioner's

request in that regard is DENIED. This action is DISMISSED without prejudice to the filing of a new action. A judgment shall be issued forthwith.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this **9th** day of January 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE